UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

RADOSLAW CZABAN,                          Case #:

       Plaintiff,

v.

BAYVIEW LOAN SERVICING, LLC,

       Defendant.
_____/

## COMPLAINT

    Plaintiff, RADOSLAW CZABAN, sues BAYVIEW LOAN SERVICING, LLC, and for his complaint alleges:

1.     This is a complaint for monetary damages.

2.     The Defendant, Bayview Loan Servicing, LLC, violated the Real Estate Settlement Procedures Act 12 U.S.C. § 2601, et seq., the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., the Florida Consumer Collections Practices Act 559.55 et. seq. and is in breach of contract.

# I
# JURISDICTION AND VENUE

3. This Court has jurisdiction to grant relief pursuant to 12 U.S.C. § 2614, 28 U.S.C. § 1331, 28 U.S.C. § 1337 and pursuant to 28 U.S.C. § 1367 for pendant state law claims.

4. The Defendant transacts business in the State of Florida. The conduct complained of which gave rise to the causes of action occurred in the County of Okaloosa. Venue is proper in the Northern District of Florida pursuant to 28 U.S.C. § 1391(b)(2) and (c), as the claims arose from acts of Defendants perpetrated therein.

# II
# COMPOSITE EXHIBITS

5. Attached to this Complaint are Composite Exhibits. The Composite Exhibits are incorporated and made a part hereof as Composite Exhibit "A" and are given Bates numbers on the bottom of each page. Any reference made to Composite Exhibit "A" shall be as follows: "[Exh. A, p. ___]".

# III
# PARTIES

6. Plaintiff Radoslaw Czaban ("Czaban" herein) is a natural person, he is *sui juris*, and he is a citizen of Okaloosa County, Florida.

7. At all times material hereto, Defendant Bayview Loan Servicing, LLC ("Bayview" herein) was and is a Delaware corporation that is incorporated as a foreign limited liability corporation in Florida with a principal place of business at 4425 Ponce De Leon Boulevard, 4th Floor, Coral Gables, Florida 33146. Its registered agent for service of process is C T Corporation System, 1200 South Pine Island Road, Plantation, Florida 33324.

## IV
## FACTS

8. All conditions precent have occurred or are excused.

9. From June 30, 2006 to the present, Czaban has resided at 1537 Venice Avenue, Fort Walton Beach, Florida. 32547. This property is his homestead and is referred to as the "Subject Property".

10. The Subject Property is subject to an alleged mortgage lien which secures an alleged debt in the form of a note and mortgage dated June 30, 2006 (hereafter "Subject Debt"). [Exh. A, p. 9 - 11 "Note", and p. 12 - 30 "Mortgage"]. The Subject Debt is a "consumer debt" because it allegedly paid for the purchase of the Subject Property.

**A.      The First Foreclosure Action**

11. The Subject Debt and Subject Property were the subject of a prior foreclosure action in this circuit and county in case number 2008-CA-3979 ("First Foreclosure Action" herein) filed by The Bank of New York as Trustee for the Certificateholders of the CWALT, Inc. Alternative Loan Trust 206-OC11 Mortgage Pass-Through Certificates Series 2006-OC11 ("BONY" herein). [Exh. A, p. 1 - 30]

12. Paragraph 16 of the complaint in the First Foreclosure Action alleged default and paragraph 18 requested attorneys fees. Czaban filed an answer to that complaint, denying that he had defaulted and denying the request for attorneys fees. [Exh. A, p. 31 - 37; see particularly p. 32, para. 16 and para. 18]

13. On June 6, 2011, the First Foreclosure Action terminated in favor of Czaban when the plaintiff in that action filed a notice of voluntary dismissal. [Exh. A, p. 38 - 39]

14. On April 11, 2014, the Circuit Court granted Czaban judgment and taxed his attorneys fees and costs in the First Foreclosure Action against BONY pursuant to Florida Statutes 57.105. [Exh. A, p. 40 - 43]. In granting judgment, the Court stated that BONY ". . . shall take nothing by this action . . .". [Exh. A, p. 42]

B. **The January 11, 2017 Qualified Written Request/Request for Information**

15. On January 11, 2017, Czaban sent a qualified written request/request for information to Bayview which requested a payoff, including a breakdown of all components of the debt. [Exh. A, p. 44 - 45].

16. Although Bayview received the request (see green return receipt card - Exh. A, p. 45), it did not respond to the request First Qualified Written Request/Request for Information.

C. **The September 16, 2018 Monthly Mortgage Statement**

17. On September 16, 2018, Bayview sent Czaban a periodic monthly mortgage statement that represented that Czaban owed $60,442.40 in escrow and $4,811.00 for "Rec Corp Advance Balance". [Exh. A, p. 46]

18. The term "Rec Corp Advance Balance" means "Recoverable Corporate Advance Balance". This is a deceptive term which is not defined by the note, mortgage or the mortgage statement. It is deceptive because Bayview uses it as a category of expense whereby Bayview hid the attorneys fees and costs incurred in the First Foreclosure Action. As the least sophisticated

consumer, Czaban could not discern that "Rec Corp Advance Balance" included attorneys fees and costs incurred in the First Foreclosure Action.

19. Although the "Rec Corp Advance Balance" included attorneys fees and costs incurred in the failed First Foreclosure Action, Bayview was not entitled to collect those attorneys fees and costs because BONY was not the prevailing party and not entitled to collect any sum for attorneys fees or costs. [Exh. A, p. 38 - 39 and 40 - 43]

20. The $60,442.40 for escrow was an overstatement of the amount due because it included sums for escrow that were due more than five years prior. Pursuant to the five year statute of repose, Bayview was not legally entitled to collect sums due more than five years prior. Fla. Stat. 95.281(1)(c) states in relevant part:

> For all obligations, including taxes, paid by the mortgagee, 5 years from the date of payment. A mortgagee shall have no right of subrogation to the lien of the state for taxes paid by the mortgagee to protect the security of his or her mortgage unless he or she obtains an assignment from the state of the tax certificate. Redemption of the tax certificate shall be insufficient for subrogation.

**D.      The September 16 and 17, 2018 Qualified Written Request/Request for Information**

21. On September 16, 2018 Czaban sent a qualified written request/request for information to Bayview wherein he disputed the amount due. [Exh. A, p. 47 - 48].

22. Bayview received Czaban's September 16, 2018 letter on September 19, 2018. [Exh. A, page 78 - 79]

23. On September 17, 2018, Czaban sent another qualified written request to Bayview wherein he disputed the amount due to cure the default and he demanded validation of the debt. [Exh. A, p. 49 - 50]

24. Bayview received Czaban's September 17, 2018 letter on September 19, 2018. [Exh. A, page 80 - 81]

25. Bayview did not respond to Czaban's September 16, 2018 dispute letter or to his September 17, 2018 dispute letter.

E. **The October 23, 2018 Qualified Written Request/Request for Information and Demand for Payoff**

26. On October 23, 2018, Czaban sent Bayview a demand for payoff, a request that Bayview explain its charge for "Rec Corp Advance Balance" of $4,811.00 and a dispute of the total amount due to cure default. [Exh. A, p. 51 - 52].

27. Bayview received this request on October 26, 2018. [Exh. A, page 82 - 83]

28. In this letter Czaban advised Bayview that he had sent several other requests for information to Bayview which Bayview had ignored.

F. **The October 30, 2018 Payoff Letter**

29. On October 30, 2018, Bayview sent a payoff letter to Czaban which stated that Czaban owed $60,713.51 in escrow and $4,914.00 for "Recoverable Corporate Advance Balance". [Exh. A, p. 53 - 54].

30.     The payoff letter is deceptive because Bayview used the term "Recoverable Corporate Advance Balance" as a category of expense whereby Bayview hid the attorneys fees and costs incurred in the First Foreclosure Action.  Czaban, as the least sophisticated consumer, could not discern that "Recoverable Corporate Advance Balance" included attorneys fees and costs incurred in the First Foreclosure Action.

31.     The payoff letter overstated the Recoverable Corporate Advance Balance by $4,914.00 because that sum represents the attorneys fees and costs BONY incurred in the failed First Foreclosure Action.  BONY was not the prevailing party and not entitled to collect any sum for attorneys fees or costs.  [Exh. A, p. 38 - 39 and 40 - 43]

32.     The payoff letter overstated escrow because BONY was not legally entitled to collect escrow beyond five years pursuant to the five year statute of repose.  See Fla. Stat. 95.281(1)(c).

G.      **The November 14, 2018 Response to the Qualified Written Request/Request for Information**

33.     On November 14, 2018, Bayview sent Czaban a second payoff letter and it attached thereto a copy of the October, 2018 monthly mortgage statement. [Exh. A, p. 55 - 58 ("Payoff Letter") and p. 59 - 61 ("the October 16, 2018 Mortgage Statement"]

34.     The second payoff letter is deceptive because Bayview used the term "Recoverable Corporate Advance Balance" as a category of expense whereby Bayview hid the attorneys fees and costs incurred in the First Foreclosure Action.  Czaban, as the least sophisticated consumer, could not discern that "Recoverable Corporate Advance Balance" included attorneys fees and costs incurred in the First Foreclosure Action.

35.     The second payoff letter overstated the Recoverable Corporate Advance Balance by $4,914.00 because that sum represents the attorneys fees and costs BONY incurred in the failed First Foreclosure Action.  BONY was not the prevailing party and it was not entitled to collect any sum for attorneys fees or costs.

36.     The second payoff letter overstated escrow because BONY was not legally entitled to collect escrow beyond five years pursuant to the five year statute of repose.  See Fla. Stat. 95.281(1)(c).

### H.     The Second Foreclosure Action

37.     On December 19, 2018, Bayview brought a second foreclosure action on the same note and mortgage against Czaban.  [Exh. A, p. 66 - 71] (Exhibits redacted as redundant)  In the "Wherefore" section of the second foreclosure action, Bayview is seeking a deficiency judgment, and it is attempting to recover amounts due for overstated escrow and overstated attorneys fees and costs, as revealed by the mortgage statements and payoff letters that Czaban received after the second foreclosure action was filed and served upon Czaban.

### I.     The January 16, 2019 Mortgage Statement

38.     On January 16, 2019, Bayview sent Czaban a periodic monthly mortgage statement which represented that Czaban owed $63,423.58 in escrow and $4,936.00 for "Recoverable Corporate Advance Balance".  [Exh. A, p. 72 - 77]

39.     The Mortgage Statement is deceptive because Bayview used the term "Recoverable Corporate Advance Balance" as a category of expense whereby Bayview hid the attorneys fees and

costs incurred in the First Foreclosure Action.  Czaban, as the least sophisticated consumer, could not discern that "Recoverable Corporate Advance Balance" included attorneys fees and costs incurred in the First Foreclosure Action.

40.     The Mortgage Statement overstated the Recoverable Corporate Advance Balance by at least $4,914.00, because that sum represents the attorneys fees and costs BONY incurred in the failed First Foreclosure Action.  BONY was not the prevailing party and it was not entitled to collect any sum for attorneys fees or costs.  [Exh. A, p. 38 - 39 and 40 - 43]

41.     The Mortgage Statement overstated escrow because BONY was not legally entitled to collect escrow beyond five years pursuant to the five year statute of repose.  See Fla. Stat. 95.281(1)(c).

**J.     Actual Damages**

42.     Czaban became frustrated with the lack of response from Bayview to his requests for information / qualified written requests and disputes of January 11, 2017, September 16, 2018 and September 17, 2018 and to Bayviews response to his October 23, 2018 dispute letter.  On November 14, 2018, Czaban consulted with attorney Jennifer Copus about this situation and he paid attorneys Copus & Copus, P.A. an initial consultation fee of $150.00.  [Exh. A, p. 84]

**K.     Bayview is a Debt Collector**

43.     Defendant Bayview admits it is a "Consumer Collection Agency" as it is licensed in the State of Florida as a Consumer Collection Agency - license number CCA9901818.

44.     At all times material hereto, Bayview was engaged in the regular collection of consumer debts alleged to be due to another using United States mail or telephone.

45.    At all times material hereto, the Subject Debt was a "debt" as said term is defined under 15 U.S.C. § 1692a(5).

46.    Defendant Bayview is a debt collector within the definition established by the FDCPA, § 1692a(6), in that it uses the U.S. mails in a business the principal purpose of which is the collection of debts. It also regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.  In the instant case, the debt is allegedly owned by BONY.  In addition, Bayview was a debt collector on this loan as it acquired its servicing rights after default.

47.    Bayview has engaged in an act or omission prohibited by the FDCPA because the FDCPA protects Czaban from attempts to collect a debt from him that he does not owe.

**L.    Debt Collection Activity**

48.    The debt at issue under the FDPCA was primarily for personal, family, or household purposes as the alleged debt was incurred for the primary residence of Czaban.  The FDCPA defines "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services where are the subject of the transaction are primarily for personal, family, or household purposes."  15 U.S.C. § 1692a(5).

49.    Czaban is a "consumer" pursuant to the FDCPA in that he is a natural person who was allegedly obligated to pay a debt arising out of a transaction where the money or services, which were the subject of the transaction, were primarily for a personal purpose, to wit: a mortgage loan on a personal residence.

50. Czaban has been the object of a collection activity arising from consumer debt because the alleged debt was for a home mortgage and because Bayview attempted to collect part of the debt from him which Czaban did not owe.

## V
## COUNTS

### COUNT ONE
### Violations of the FDCPA
### 15 U.S.C. 1692e(2)(A)

51. Czaban re-alleges and incorporates herein by reference paragraphs 1 through 50, inclusive, as if fully set forth herein.

52. 15 U.S.C. § 1692e provides in relevant part:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> . . .
>
> (2) The false representation of—
>
>     (A)    the character, amount, or legal status of any debt;

53. Bayview violated 15 U.S.C. § 1692e(2) when it overstated sums due in its September 16, 2018 mortgage statement, its October 23, 2018 Payoff letter, its November 14, 2018 payoff letter, its Second Foreclosure Action (sums indicated in the January 16, 2019 mortgage statement) and in the January 16, 2019 mortgage statement. This is because: 1) each of these was an attempt to collect attorneys' fees and costs incurred in the First Foreclosure Action; 2) each of these was an attempt to collect escrow beyond the five-year statute of repose; and, 3) excluding the complaint

in the second foreclosure action, each of these deceptively used the category "Rec Corp Advance Balance" or "Recoverable Corporate Advance Balance" to hide attorneys fees and costs incurred in the First Foreclosure Action.

54. As a direct and proximate result of the Defendants's above-described conduct in violations of the FDCPA requirements, Czaban suffered damage, including, attorneys fees and costs.

### Prayer for Relief

**WHEREFORE**, Plaintiff Radoslaw Czaban prays for judgment against Defendant Bayview Loan Servicing, LLC as follows:

    a.    Actual damages;

    b.    Statutory damages;

    c.    Attorneys' fees and costs;

    d.    Such other and further relief as justice may require and allow, including pre-judgment and post-judgment interest.

### COUNT TWO
### Violations of the FDCPA
### (Violation of 15 U.S.C. § 1692e(10)

55. Plaintiff Czaba repeats and re-alleges the allegations contained in paragraphs 1 - 50, above as if fully set forth herein.

56. 15 U.S.C. § 1692e(10) provides in relevant part:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

. . .

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

57. Bayview violated 15 U.S.C. § 1692e(10) when it overstated sums due in its September 16, 2018 mortgage statement, its October 23, 2018 Payoff letter, its November 14, 2018 payoff letter, its Second Foreclosure Action (sums indicated in the January 16, 2019 mortgage statement) and in the January 16, 2019 mortgage statement. This is because: 1) each of these was an attempt to collect attorneys' fees and costs incurred in the First Foreclosure Action; 2) each of these was an attempt to collect escrow beyond the five-year statute of repose; and, 3) excluding the complaint in the second foreclosure action, each of these deceptively used the category "Rec Corp Advance Balance" or "Recoverable Corporate Advance Balance" to hide attorneys fees and costs incurred in the First Foreclosure Action.

58. As a direct and proximate result of the Defendants's above-described conduct in violations of the FDCPA requirements, Czaban suffered damage, including, attorneys fees and costs.

**Prayer for Relief**

**WHEREFORE**, Plaintiff Radoslaw Czaban prays for judgment against Defendant Bayview Loan Servicing, LLC as follows:

    a.    Actual damages;

    b.    Statutory damages;

    c.    Attorneys' fees and costs;

    d.      Such other and further relief as justice may require and allow, including pre-judgment and post-judgment interest.

## COUNT THREE
### Violations of RESPA
### (12 U.S.C. § 2605(e) - 24 C.F.R. 3500.21 - Regulation X)

59.    Plaintiff Czaban repeats and re-alleges the allegations contained in paragraphs 1 - 42, above as if fully set forth herein.

60.    12 U.S.C. 2605 provides in relevant part:[1]

**(e) Duty of loan servicer to respond to borrower inquiries**

  **(1) Notice of receipt of inquiry**

    **(A) In general**

    If any servicer of a federally related mortgage loan receives a qualified written request from the borrower (or an agent of the borrower) for information relating to the servicing of such loan, the servicer shall provide a written response acknowledging receipt of the correspondence within 5 days (excluding legal public holidays, Saturdays, and Sundays) unless the action requested is taken within such period.

    **(B) Qualified written request**
    For purposes of this subsection, a qualified written request shall be a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, that—
        **(i)** includes, or otherwise enables the servicer to identify, the name and account of the borrower; and
        **(ii)** includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower.

  **(2) Action with respect to inquiry**
Not later than 30 days (excluding legal public holidays, Saturdays, and Sundays) after the receipt from any borrower of any qualified written request under paragraph (1) and,

---

[1] Also see 24 C.F.R. 3500.21(e).

> if applicable, before taking any action with respect to the inquiry of the borrower, the servicer shall—
>
> **(A)** make appropriate corrections in the account of the borrower, including the crediting of any late charges or penalties, and transmit to the borrower a written notification of such correction (which shall include the name and telephone number of a representative of the servicer who can provide assistance to the borrower);
>
> **(B)** after conducting an investigation, provide the borrower with a written explanation or clarification that includes—
> > **(i)** to the extent applicable, a statement of the reasons for which the servicer believes the account of the borrower is correct as determined by the servicer; and
> > **(ii)** the name and telephone number of an individual employed by, or the office or department of, the servicer who can provide assistance to the borrower; or
>
> **(C)** after conducting an investigation, provide the borrower with a written explanation or clarification that includes—
> > **(i)** information requested by the borrower or an explanation of why the information requested is unavailable or cannot be obtained by the servicer; and
> > **(ii)** the name and telephone number of an individual employed by, or the office or department of, the servicer who can provide assistance to the borrower.

61.     Bayview violated 12 U.S.C. § 2605(e)(1)(A) when it failed to notify Czaban within 5 days that it received his request for information / qualified written requests dated January 11, 2017, September 16, 2018, September 17, 2018 and October 23, 2018.  This represents a pattern and practice of violations of RESPA.

62.     Bayview violated 12 U.S.C. § 2605(e)(2)) when it failed to notify Czaban within 30 days of its investigation into Czaban's request for information / qualified written requests dated January 11, 2017, September 16, 2018, and September 17, 2018.   This represents a pattern and practice of violations of RESPA.

63. Bayview violated 12 U.S.C. § 2605(e)(2)(A - C) when it failed to correct the errors raised in Czaban's request for information / qualified written request dated January 11, 2017, September 16, 2018, September 17, 2018 and October 23, 2018.  Specifically, Bayview failed to eliminate from the account the attorneys fees and costs incurred in the First Foreclosure Action and sums for escrow which were due more than five years prior.  This represents a pattern and practice of violations of RESPA.

64. As a direct and proximate result of the Defendants's above-described conduct in violations of the FDCPA requirements, Czaban suffered damage, including, attorneys fees and costs.

**Prayer For Relief**

**WHEREFORE**, Plaintiff Radoslaw Czaban prays for judgment against Defendant Bayview Loan Servicing, LLC as follows:

    a.     Actual damages;

    b.     Enhanced damages for a pattern and practice of violations.

    c.     Statutory damages, if available;

    d.     Attorney fees and costs; and,

    e.     Court filing costs and service of process costs.

**COUNT FOUR**
**Violation of the FCCPA**
**(559.72 Fla. Stat.)**

65. Plaintiff Czaba repeats and re-alleges the allegations contained in paragraphs 1 - 36, 38 - 42, above as if fully set forth herein.

66. Czaban is a "Consumer" pursuant to the FCCPA in that he is a natural person and allegedly obligated to ay a debt arising out of a transaction where the money, property, insurance or services, which are the subject of the transaction, is primarily for personal, family, or household purposes.

67. Defendant Bayview is a debt collector as defined by Florida Statutes 559.55(6) in that it uses an instrumentality of interstate commerce or the mails in its business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect directly or indirectly, debts owed or due or asserted to be owed or due another.

68. Defendant Bayview is a "person" within the meaning of the FCCPA, and in particular as it is used in Fla. Stat. § 559.72.

69. Defendant Bayview engaged in an act or omission prohibited by the FCCPA.

70. Florida Statute § 559.72 provides in relevant part:

> "In collecting consumer debts, no person shall…
>
> (9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist."

71. Bayview violated Florida Statute § 559.72(9) when it overstated sums due in its September 16, 2018 mortgage statement, its October 23, 2018 Payoff letter, its November 14, 2018 payoff letter, and in the January 16, 2019 mortgage statement.  This is because: 1) each of these was an attempt to collect attorneys' fees and costs incurred in the First Foreclosure Action; and, 2) each of these was an attempt to collect escrow beyond the five-year statute of repose.

72.     As a direct and proximate result of the Defendants's above-described conduct in violations of the FDCPA requirements, Czaban suffered damage, including, attorneys fees and costs.

**Prayer For Relief**

**WHEREFORE**, Plaintiff Radoslaw Czaban prays for judgment against Defendant Bayview Loan Servicing, LLC as follows:

a.  Declare the Defendant's Conduct in violation of the FCCPA;

b.  Enjoin the Defendant's from continuing to violate the FCCPA;

c.  Actual damages;

d.  Statutory damages;

e.  Attorney fees and costs; and,

f.  Court filing costs and service of process costs.

## COUNT FIVE
### Breach of Contract

73.     Plaintiff Czaban repeats and re-alleges the allegations contained in paragraphs 1 - 42, above as if fully set forth herein.

74.     Bayview is contractually obligated to charge Czaban only for sums authorized by the note and mortgage.

75.     Bayview breached the contract by charging Czaban for attorneys fees and costs that were incurred in the First Foreclosure Action.

76.     Bayview's breach of contract is material as the unauthorized sums sought from Bayview were in excess of $4,000.00.

77.	Czaban has been damaged as he has been unable to sell his property because the account shows funds due and owing which are not lawfully owed.  Further, Czaban paid an initial $150.00 legal consultation fee to address the breach of contract, as well as attorneys fees and costs incurred for filing this action.

## Prayer For Relief

**WHEREFORE**, Plaintiff Radoslaw Czaban prays for judgment against Defendant Bayview Loan Servicing, LLC as follows:

a.	Declare the Defendant's Conduct in breach of contract;

b.	Enjoin the Defendant's from continuing to violate the contract;

c.	Actual damages;

d.	Attorney fees and costs; and,

e.	Court filing costs and service of process costs.

## VI.
## DEMAND FOR JURY TRIAL

78.	Paragraph 24 of the mortgage provides a jury trial waiver.  That provision only applies to parties to the contract.  Plaintiff Radoslaw Czaban reserves the right to a jury trial if the Court determines that Bayview is not a party to the contract.

Lead Counsel

/s/ Jennifer Hanson Copus
Jennifer Hanson Copus
Florida Bar Number  470988
Copus & Copus, P.A.
1186 Eglin Parkway Shalimar,
Florida 32579

Telephone: (850) 609-1433
Facsimile: (850) 609-1503
jennifer@copuslaw.com
steven@copuslaw.com

Co-Counsel

<u>/s/ George Gingo</u>
George Gingo, FBN 879533

Gingo & Orth, PLLC
P.O. Box 309
Titusville, FL 32781
jamesorthlaw@gmail.com
gingo.george@gmail.com
321-264-9624